UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UKPAI I. UKPAI,

    Plaintiff,

vs.
    Case No. 17-12428
    Hon. Gershwin A. Drain

CONTINENTAL AUTOMOTIVE
SYSTEMS US, INC.,

    Defendant.
    /

## **ANSWER TO COMPLAINT**

NOW COMES the Defendant, CONTINENTAL AUTOMOTIVE SYSTEMS, INC., by and through its attorneys, COHEN, LERNER & RABINOVITZ, P.C., and for its Answer to the Complaint filed by the Plaintiff states as follows:

**I.**     **The Parties to this Complaint**

**A.**     **The Plaintiff(s)**

In answer to the designation of the Plaintiff, the Defendant acknowledges that Ukpai Ukpai resides in West Bloomfield, Michigan within the County of Oakland, State of Michigan.

### B. The Defendant(s)

In answer to subparagraph (B), Defendant acknowledges that it has a place of business located at One Continental Drive, Auburn Hills, Michigan.

### C. Place of Employment

In answer to subparagraph (C), the Defendant neither admits nor denies the allegations contained therein for the reason that it lacks the necessary information or sufficient knowledge to form a belief as to the truth of the allegations, or because of the confusing nature of the allegations. Without waiving its answer, Defendant indicates that Continental Automotive Systems, Inc. hired the Plaintiff as part of its Continental Engineering Services business unit.

## II. Basis for Jurisdiction

In answer to section II of the Complaint, the Defendant acknowledges that Plaintiff has asserted jurisdiction pursuant to 42 USC §2000e to 2000e-17. Defendant also acknowledges the attempt by the Plaintiff to claim a violation of the Elliott Larsen Civil Rights Act under state law as well as a claim for "defamation".

**III.     Statement of Claim.**

In answer to section (a) of the Complaint, the Defendant admits that the Plaintiff's employment was terminated, but denies that the Plaintiff was treated on unequal terms and conditions with respect to his employment. The Defendant denies any retaliation against Plaintiff of whatever sort or nature.  Those allegations are false.  The Defendant also denies any claims of harassment or defamation for the reason that they are not true. In further answer, the Defendant denies that there were any discriminatory acts that occurred with respect to the Plaintiff, whatsoever, but specifically denies any discriminatory acts occurring between October of 2015 and until January of 2016 when he was terminated.  The Defendant also denies that it is continuing any acts of discrimination inasmuch as there were no acts of discrimination perpetrated upon the Plaintiff whatsoever in the first place.  Finally, in this regard, the Defendant denies that it has discriminated against the Plaintiff on any basis including race and/or national origin.    With respect to subparagraph (e) as provided by the Plaintiff, the Defendant states that the Plaintiff was hired in 2013.  As to the allegations regarding the Plaintiff's wife's pregnancy and his claims of having interviewed for positions to obtain a transfer within the company,

the Defendant denies the allegations contained therein in the manner and form alleged for the reason that they are not true. At this point, the Defendant has no knowledge of any consent by any manager employed by the Defendant with respect to any interviews conducted for the Plaintiff in Germany.

With respect to circumstances arising in October, 2015, work was requested by a customer of the Defendant at the Kansas City assembly plant which belongs to the Ford Motor Company. The job began in October of 2015.

The Defendant denies that the Plaintiff was treated disparately, harassed, defamed or discriminated against by Continental staff resident at the Kansas City plant. The Defendant also denies that the Plaintiff reported any actions to management with respect to disparate treatment, harassment, defamation and/or discrimination. No documentation was attached by the Plaintiff to the Complaint and, upon investigation to this point in time, the Defendant has determined that no complaints by the Plaintiff were made verbally or in emails to anybody employed by the Defendant.

It is true that representatives of the plant ownership in Kansas City asked that the Plaintiff not return to the plant.  However, at no time did the Defendant advise the human resource representatives of the Defendant that he was "not aware of any complaint against him."  Moreover, the Defendant denies that Plaintiff ever advised the Human Resources Manager of any claims of disparate treatment, harassment, defamation and/or discrimination while Plaintiff was working at the plant in Kansas City.  Finally, in this regard, the Defendant denies that the Plaintiff was put into a "hostile" environment to find a reason to terminate the Plaintiff.  Indeed, Plaintiff is an at will employee and could have been fired with or without cause.

It is true that on January 6, 2016, the Plaintiff was discharged by the Defendant in a meeting that was conducted, in part, by a Human Resources representative of the Defendant.  However, the decision to terminate the Plaintiff's employment was not made in retaliation for any actions taken by Plaintiff with respect to the Defendant.  Finally, the Defendant denies that there has been any defamation as to the Plaintiff.  Plaintiff's pleading, as put forward before the Court, sets forward no facts other than the words "I believe" with respect to his claims of defamation.

## IV. Exhaustion of Federal Administration Remedies

In answer to IV, Defendant admits that the Plaintiff filed a charge with the Equal Employment Opportunity Commission on July 21, 2016. The Defendant also admits that the Equal Employment Opportunity Commission issued a notice of right to sue letter on or about May 3, 2017.

## V. Relief

The Defendant denies any and all liability in this matter and asks this Court to enter a judgment of no cause for action in favor of the Defendant and against the Plaintiff. The Defendant specifically requests that the Court deny the relief requested by the Defendant in attachment V to his Complaint and also denies that the annual compensation of the Plaintiff prior to termination was $158,447. The other claims for punitive and exemplary damages are without basis in law and/or fact and there is no basis in law for the Plaintiff to request "triple damages" as against the Defendant even, arguendo, were there to be liability. The Defendant denies that it has caused any harm to the Plaintiff's career and notes that the Plaintiff's prior work experience shows a rather nomadic existence, with him moving from job to job.

WHEREFORE Defendant prays that the Complaint be dismissed with prejudice and held for naught, and that judgment of no cause of action be entered in its favor and against the Plaintiff, together with costs, interest and attorney fees as allowed by law.

Respectfully submitted:

*/s/ Steven Z. Cohen*
COHEN, LERNER & RABINOVITZ, P.C.
Attorney for Defendant
26862 Woodward Avenue, Suite 200
Royal Oak, Michigan 48067
(248) 691-2200
P29344
eileen.dehring@cohenlerner.com

Dated: October 25, 2017

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UKPAI I. UKPAI,

    Plaintiff,

vs.

CONTINENTAL AUTOMOTIVE
SYSTEMS US, INC.,

    Defendant.

Case No. 17-12428
Hon. Gershwin A. Drain

_____/

## **AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES the Defendant, CONTINENTAL AUTOMOTIVE SYSTEMS, INC., by and through its attorneys, COHEN, LERNER & RABINOVITZ, P.C., and for its Affirmative Defenses to the Complaint filed by the Plaintiff states as follows:

## **FAILURE TO STATE A CLAIM**

1. Plaintiff's Complaint fails to state a Cause of Action against Defendant upon which relief can be granted.

## **BAD FAITH**

2. Plaintiff is barred from recovery against Defendant for the reason that the alleged acts and omissions of Defendant, which acts or

omissions Defendant denies, were occasioned as a result of the bad faith actions and omissions of Plaintiff.

3. Plaintiff engaged in misconduct or wrongdoing before or during his employment with Defendant, that was unknown to Defendant at the time of Plaintiff's discharge. The prior misconduct/wrongdoing would have resulted in Plaintiff's termination had Defendant discovered it.

## **NON-DISCRIMINATORY REASON FOR TERMINATION**

4. The acts that the Plaintiff alleges in his Complaint do not amount to discrimination. The Defendant did not engage in any conduct that was discriminatory, and Plaintiff was terminated for a non-discriminatory reason.

## **MITIGATION OF DAMAGES**

5. The Plaintiff failed to comply with his duty to mitigate his damages by taking reasonable measures to minimize his losses.

## **SET-OFF**

6. The Defendant is entitled to off-set against Plaintiff's alleged damages any compensation Plaintiff received as a result of the alleged acts in this case, including but not limited to unemployment insurance.

## STATUTE OF LIMITATION

7. It is not clear from the allegations in the Complaint when the alleged discrimination began. To the extent that Plaintiff is basing his claim on alleged discriminatory acts that occurred more than 300 days before he filed his charge with the Michigan Department of Civil rights on July 21, 2016, those claims are barred.

## RESERVATION OF RIGHT

8. Defendant reserves the right, upon completion of its investigation and discovery, to file such additional defenses as may be appropriate.

WHEREFORE Defendant prays that the Complaint be dismissed with prejudice and held for naught, and that judgment of no cause of action be entered in its favor and against the Plaintiff, together with costs, interest and attorney fees as allowed by law.

Respectfully submitted:

*/s/ Steven Z. Cohen*
COHEN, LERNER & RABINOVITZ, P.C.
Attorney for Defendant
26862 Woodward Avenue, Suite 200
Royal Oak, Michigan 48067
(248) 691-2200
P29344
eileen.dehring@cohenlerner.com

Date: October 25, 2017

# **CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2017, I served the Answer to Complaint and Affirmative Defenses upon:

    Upkai I. Upkai
    3193 Rutledge Park Court
    West Bloomfield, Michigan 48322

by placing same in a properly addressed sealed envelope and depositing in a United States Mail box in Royal Oak, Michigan, postage fully prepaid.

                            Respectfully submitted:

                            */s/ Steven Z. Cohen*
                            COHEN, LERNER & RABINOVITZ, P.C.
                            Attorney for Defendant
                            26862 Woodward Avenue, Suite 200
                            Royal Oak, Michigan 48067
                            (248) 691-2200
                            P29344
                            eileen.dehring@cohenlerner.com